IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ROBERT C. CARTER on behalf of himself
and a class of others similarly situated,

                Plaintiff,

v.                                          CIVIL ACTION NO. 2:05-0579

MONSANTO COMPANY,
a foreign Corporation, et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

      Defendants Monsanto Company and Apogee Coal Company removed this case to this Court on July 18, 2005. Plaintiff moved for remand asserting Defendants' removal petition was improper because it was untimely and that this Court lacked subject matter jurisdiction over the action. For the reasons that follow, the Court **GRANTS** Plaintiff's motion for remand, and **ORDERS** the case be **REMANDED** to the Circuit Court of Putnam County, West Virginia.

**I. Background**

      On August 4, 2000, Plaintiff Robert C. Carter filed his original complaint in the Circuit Court of Putnam County alleging that Defendants wrongfully disposed of dioxin contaminated waste from the Nitro chemical plant. After various procedural events, including a response to a certified question from the West Virginia Supreme Court, Plaintiff filed his Third Amended Complaint on April 1, 2003. Plaintiff continued to allege past and present contamination from the Nitro plant. Plaintiff seeks compensation for property damage for himself and other residents

living downstream from the toxic dumps, and injunctive relief in the form of a medical monitoring program.

Following the filing of Plaintiff's Third Amended Complaint, the Defendants filed Motions to Dismiss.  The Circuit Court converted these motions into Motions for Summary Judgment.  Prior to ruling on these motions, the parties submitted extensive supplemental memoranda on issues raised in the motions, including federal preemption and federal jurisdiction.  On June 7, 2005, the Circuit Court denied Defendants' Motions for Summary Judgement rejecting, in part, Defendants' argument that Plaintiff's claims are preempted by federal law.

On July 18, 2005 Defendants filed a notice of removal pursuant to 28 U.S.C. § 1446(b) ("[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable...").  Defendants sought removal on the basis of federal question claiming that the Nitro plant has operated and continues to operate pursuant to Environmental Protection Agency (EPA) Orders and directives taken under the authority of the federal law of CERCLA (Comprehensive Environmental Response, Compensation and Liability Act of 1980, 42 U.S.C. § 9601, *et seq.*).  Although removal did not occur until nearly five years after the initial complaint and more than two years since the third amended complaint, Defendants claim that removal was proper under the removal statute thirty days from their notice on June 16, 2005 of "other paper" in the form of a recently decided district court case which Defendants claim was the first case holding that challenges to a CERCLA cleanup present a federal question allowing removal.

Plaintiffs filed their motion to remand on August 17, 2005. They claim that removal was improper because it was untimely and this Court lacks federal subject matter jurisdiction. Plaintiffs seek an award of costs and actual expenses, including attorneys fees, incurred as a result of this removal.

## II. Standard of Review

The provisions of the United States Code dealing with the removal of cases from state to federal courts are found in 28 U.S.C. § 1441, *et seq.* The general rule announced in these provisions is that if a federal court has original jurisdiction over a case brought in state court, then the case may be removed to federal court as long as the procedural requirements of 28 U.S.C. § 1446 are met. Removal statutes are to be construed strictly against removal, and the burden to establish that removal of the action is proper lies with the party removing the case. *See Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Defendant's notice of removal is defective procedurally in its timeliness. Because this defect alone leads to remand, this Court will not address whether or not subject matter jurisdiction exists.

## III. Discussion

**A.     Remand Proper for Untimeliness**

The moving Defendants argue that their motion was timely under 28 U.S.C. § 1446(b). Specifically, they argue that the case became removable thirty days from their receipt of "other paper" in the form of a *Toxic Law Reporter* dated June 15, 2005 which cites a case decided May 25, 2005 by a federal district court in the Eastern District of Pennsylvania.[1]  Therefore, Defendants

---

[1]*North Penn Water Authority v. BAE Systems*, No. 04-5030, slip op (E.D. Penn. May 25, 2005), *available at* 2005 WL 1279091.

claim that their notice of removal filed within thirty days of June 15, 2005 is proper. Defendants' argument fails for the following reasons.[2]

Defendants cite to *Smith v. Burroughs Corp.* as support of their argument. 670 F.Supp. 740 (E.D. Mich. 1987). In *Smith*, the district court held that a Supreme Court ruling reversing the law within the Sixth Circuit did constitute the "other paper" required by the removal statute. The Court further held that since the defendant filed the notice of removal thirty days from the Supreme Court decision, the petition was timely. One other district court case hinted at the possibility of a Supreme Court decision fulfilling the "other paper" requirement. *See Davis v. Time Insurance Co.,* 698 F.Supp. 1317 (S.D. Miss.1988) (suggesting that where a new Supreme Court decision indicates that a case is subject to federal preemption, this changes the character of the litigation so as to make it a new suit which is removable to federal court).

These two cases stand alone in their suggestion that a Supreme Court case may be considered adequate "other paper" to permit removal. Although the Fourth Circuit has never ruled on this issue, an overwhelming majority of courts examining the same question hold that an intervening Supreme Court case does not provide the basis for removal. *See, e.g., Holiday v. Travelers Ins. Co.,* 666 F.Supp. 1286, 1289 (W.D.Ark. 1987)(recent Supreme Court decisions not "other paper" under § 1446(b)); *Morsani v. Major League Baseball*, 79 F.Supp.2d 1331, 1333 (M.D.Fla. 1999)(*same*). Furthermore, courts universally hold that a court decision in separate, unrelated case does not constitute "other paper" for removal purposes. *See, e.g.,*

---

[2]Although this Court will not develop the issue, upon initial review, it seems that even if the *North Penn* decision was "other paper" for purposes of removal, the notice of removal would still be untimely because it was filed well over thirty days after the decision. Even the *Smith* case holding that a subsequent Supreme Court case was "other paper" stated that the defendant could file thirty days from the date of that decision and not thirty days from whenever defendant somehow became aware of the decision.

*Lozano v. GPE Controls,* 859 F.Supp. 1036, 1038 (S.D.Tex.1994) (judicial opinion in an unrelated case is not "other paper" under § 1446(b)); *Metropolitan Dade County v. TCI TKR of S. Fla.*, 936 F.Supp. 958 (S.D.Fla. 1996)(*same*); 14C CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3732 (3d ed. 1998)("...the publication of opinions by other courts dealing with subjects that potentially could affect a state court's removability...are not recognized as "other paper" sources for purposes of starting a new thirty-day period under Section 1446(b).").

    Defendants' argue that the Third and Fifth Circuits have held that in some circumstances an unrelated decision may constitute "order or other paper" when the cases involve similar factual and legal issues. *See* Def. Resp. in Opp. to Remand at 9-10, *citing Doe v. American Red Cross*, 14 F.3d 196 (3d Cir. 1993); *Green v. R.J. Reynolds Tobacco Co.*, 274 F.3d 263 (5th Cir. 2001). However, these cases are much more narrow than Defendants contend. The Court in *Doe* held that, "an order is sufficiently related when, as here, the order in the case came from a court superior in the same judicial hierarchy, was directed at a particular defendant and expressly authorized that same defendant to remove an action against it in another case involving similar facts and legal issues." 14 F.3d at 203. The Fifth Circuit in *Green* held that a decision from their court involving the same defendants and the same legal and factual issues did constitute an "order" permitting removal under *Doe*. *Green*, 274 F.3d at 267-68.

    In the present case, Defendants argue that an unrelated case from another district, involving different defendants, and different factual and legal issues constitutes "other paper" for purposes of the removal petition. The law does not support their position. Although a handful of cases have defined "order or other paper" to include a court decision, those cases involve the

very limited circumstances where the defendants are the same, the factual and legal issues are the same, and the decision comes from a binding court. Those circumstances are not present in this case. The case Defendants argue is "other paper" was decided by a Michigan district court in the Sixth Circuit of which they were not parties. Because the moving Defendants fail to meet the procedural requirements of 28 U.S.C. § 1446(b), remand is proper.

**B.     Award of Costs and Attorney's Fees Is Proper**

Plaintiff argues that the tardy and improper removal by Defendants justifies an award of costs and attorney fees. The ultimate decision as to whether or not fees and costs should be awarded is left to the sound discretion of the district court, and it is not necessary for the court to find "bad faith" on the part of the removing party before making such awards. *Watson v. Charleston Hous. Auth.*, 83 F. Supp.2d 709, 712 (S.D. W. Va. 2000) (citations omitted). "The purpose, instead, is to reimburse a party for the costs associated with responding to an improper removal." *Id.* (citation omitted).

Despite the Defendants' contention that the *North Penn Water Authority* decision constituted "other paper" for removal purposes, this Court readily concluded otherwise. To support their position that costs are not warranted, the Defendants point to several cases denying any costs to the plaintiff where the defendant relied upon *Smith v. Burroughs* in removal as proof that the law is still developing around what constituted "other paper." *See* Def.'s Response in Opp. To Remand at 13-14. Those cases were decided shortly after the *Smith* decision when courts were first deciding whether court decisions in unrelated cases are "other paper." However, since that time, courts and commentators alike have rejected the reasoning of *Smith*.

Plaintiffs have shown and the Court concurs that the basis for removal is "contrary to well-settled authority." *Gibson v. Tinkey*, 822 F.Supp. 347, 348 (S.D. W. Va. 1993).

The Court finds this issue was relatively clear and easily resolved against the Defendants. Therefore, the Court finds that an award of attorney's fees is appropriate to compensate Plaintiff for the costs associated with responding to the removal. The Court directs Plaintiff to submit an itemized accounting of his costs and fees, together with any supporting affidavits of customary hourly rates of attorneys doing similar work. Defendants are directed to file any objections they have to the accounting within ten days of said accounting being filed with the Court. Within three days, Plaintiff may file a reply to any objections.

### IV.     Conclusion

For the foregoing reasons, the Court **GRANTS** the Plaintiff's motion and **REMANDS** this case to Putnam County Circuit Court. The Court concludes that the Plaintiff has demonstrated that costs attorney fees are appropriate in this case and **GRANTS** the request for an award of costs and fees. The Court **DIRECTS** the Plaintiff to submit for review an accounting of his costs and fees.

ENTER:     November 2, 2005

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE